# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-00317-SCT

*STEVE JASPER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 1/18/2002 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LESLIE D. ROUSSELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/29/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### SMITH, CHIEF JUSTICE, FOR THE COURT:

¶1.     Steve Jasper was convicted in the Circuit Court of Wayne County of felony shoplifting and sentenced as a habitual offender to five years in the custody of the Mississippi Department of Corrections. Jasper appealed, and the Court of Appeals affirmed. ***Jasper v. State***, 858 So. 2d 149 (Miss. Ct. App. 2003).   Jasper filed his petition for writ of certiorari asserting that the Court of Appeals "side-stepped" the issues raised in his direct appeal, and this Court granted certiorari.

¶2.     The claim of error in sentencing Jasper as a habitual offender and the claim of error in denying Jasper's request for a lesser included jury instruction have no merit, and this Court will not address those

issues. Only Issue II of Jasper's claims merits discussion here. The trial court erred in admitting the testimony of a jailer who overheard remarks made between Jasper and his attorney and the district attorney in the course of plea negotiations. However, we find the error to be harmless under the facts of this case.

## FACTS AND PROCEDURAL HISTORY

¶3. The following facts are taken from the Court of Appeals' opinion:

On April 10, 2001, Jasper entered Hutto Furniture in Waynesboro. Jasper looked around the furniture store at various items. One of the employees asked Jasper if he needed assistance. According to Mr. Hutto, owner of the store, Jasper was the only individual in the store besides the employees.

Mr. Hutto and the employees "heard some racket, like something had jarred the door." The buzzer sounded on the door. Jasper was no longer in the store. One of the employees noticed a red Grand Am had pulled out of the parking area next to the store. Mr. Hutto indicated that while looking outside the store, he and one of the employees noticed that "part of the mounting brackets and all of the air conditioner was on the side walk. At that time we realized that -- and then we looked and seen the air conditioner was gone." The mounting brackets were located on the sidewalk just outside the door. Mr. Hutto and one of the employees saw the vehicle leaving the parking area and followed it. Mr. Hutto followed the vehicle to the parking lot of the local Wal-Mart and called the sheriff's department which put him through to the police department.

The occupants of the vehicle came out of Wal-Mart, got in the vehicle and left. Mr. Hutto was on his cell phone with the dispatcher giving information regarding the vehicle's direction of travel. Officer Robert Owen of the Waynesboro Police Department was directed to the area and pulled the vehicle over, with Jasper the driver.

Officer Owen testified that "[w]hen I got the vehicle stopped, as I was getting out and walking up to the vehicle, the driver stepped out of the vehicle and began walking back toward me. I asked him for his driver's license and identification. He didn't have any. He gave me a name of Steve Jasper and said that he did not have a driver's license. And at the time, I placed him under arrest for driving without a driver's license." Officer Owen, along with other officers on the scene, did an impound inventory of the vehicle prior to it being towed. Officer Owen indicated that "there was a GE air conditioner in the trunk of the vehicle." While at the scene, Mr. Hutto looked at the air conditioner and indicated that he thought it was one of his air conditioners missing from the display shelf. Officer Owen photographed the air conditioner at the scene, both in the trunk of the vehicle and after it was removed from the vehicle and turned it back over to Mr. Hutto.

2

Mr. Hutto testified that once he took the air conditioner back to the store, he confirmed the serial number and model number off that air-conditioner with the store's records. He indicated that the information matched. Mr. Hutto stated that the price of this particular GE air conditioner was $379.

*Jasper*, 858 So. 2d at 150-51.

## ANALYSIS

### I.    Whether the Trial Court Erred by Allowing Deputy Kevin Stevens to Give Testimony Regarding Privileged Information.

¶4.     The admission of Stevens's testimony was error; however, the evidence was more than sufficient for conviction without that testimony. Therefore, in view of our case law in this area, the admission of the testimony was harmless error.

¶5.      At trial, the State called Deputy Kevin Stevens to testify that he heard Jasper say that the air conditioner that he had stolen was not worth more than $250.00. Jasper objected to this testimony because the comment was overheard during plea negotiations, at the time when Deputy Stevens's presence was not known or expected. Jasper cites *Evans v. State*, 725 So.2d 613 (Miss. 1997), and M.R.E. 410 for the proposition that that this statement was a communication made by a client to an attorney and District Attorney during plea negotiations and, as such, was not admissible.

¶6.     The only evidence in the record with regard to this testimony is the trial transcript and the defense counsel's objection to Stevens as a witness. Stevens testified that he believed the parties were discussing a plea petition when he entered the courtroom and overheard the remark. Jasper also testified that he was

discussing and considering a plea agreement at the time this comment was overheard.[1] The District Attorney claimed not to remember engaging in a plea negotiation with Jasper on that day.

¶7. As Jasper correctly argues, a statement made during plea negotiations is privileged and its admission is prohibited by M.R.E. 410(4), which provides, in pertinent part:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussion:
> (4) Any statement made in the course of plea discussions with an attorney for the prosecuting authority which does not result in a plea of guilty or which results in a plea of guilty later withdrawn.

This Court has held that statements made by the defendant during plea negotiations are inadmissible where the following two-tiered analysis is satisfied: the accused exhibits an actual subjective expectation to negotiate a plea at the time of the discussion, and; where the accused's expectation was reasonable given the totality of the circumstances. *Barnett v. State*, 725 So.2d 797, 800 (Miss. 1998); *Evans v. State*, 725 So. 2d at 640.

¶8. The trial court erred in allowing Stevens to testify about what he overheard in a discussion between the defendant, defense counsel and the District Attorney. The testimony of both Jasper and Stevens indicates that both men believed that the parties were engaged in plea negotiations at the time that the remark was overheard. The District Attorney could not remember. In finding the testimony admissible, the trial court and the Court of Appeals appear to rely on the fact that Jasper was not making the remark directly to Stevens or in response to a question by Stevens. However, this is not the correct analysis of admissibility under our case law.

---

[1] Jasper also asserts that he did not say that he had stolen an air-conditioner of lesser value-- but, instead that the air-conditioner found in his trunk that day was a 5,000 BTU unit rather than an 8,000 BTU unit, as the indictment charges.

¶9. The admission of Stevens's testimony as to what he overheard when Jasper, his attorney and the prosecutor were engaged in plea negotiations was error and, arguably, violates Jasper's constitutional right to a fair trial. In that regard, reversal of the conviction is required unless the Court determines that the error was harmless. *Hoover v. State*, 552 So.2d 834, 840 (Miss. 1989). In *Hoover*, the exclusion of a prior inconsistent statement sought to be admitted by the defendant was found to be an error "harmless beyond a reasonable doubt." *Id.* at 841. The U.S. Supreme Court established the determination of harmless error for violations of constitutional rights, holding that "the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967) (citing *Fahy v. Connecticut*, 375 U.S. 85, 86-87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). The error in *Chapman* involved the prosecution's comments on the defendant's failure to testify, and the Court declined to find the error harmless, holding that the State failed to demonstrate that the prosecution's comments did not contribute to the conviction. The Court noted that such violations of fundamental rights as denial of right to counsel and introduction of a coerced confession are not harmless errors. 386 U.S. at 26.

¶10. Under the facts of this case it is certainly reasonable and more probable that Jasper would have been convicted despite Stevens's testimony where the air conditioner was found in the trunk of his car only minutes after it was taken from Hutto's. We hold that the trial court should have excluded Stevens's testimony; however, we find, beyond a reasonable doubt, that the evidence was sufficient for conviction without that testimony. Therefore, the admission of the testimony was harmless error.

## CONCLUSION

¶11. The trial court erred in admitting the testimony of a jailer who overheard remarks made between Jasper and his attorney and the District Attorney in the course of plea negotiations. However, other

5

evidence was sufficient for conviction without that testimony and the admission of the testimony was harmless error. Jasper's other issues are not addressed as the claim of error in sentencing Jasper as a habitual offender and the claim of error in denying Jasper's request for a lesser-included offense jury instruction have no merit. Therefore, the judgments of the Court of Appeals and the circuit court are affirmed.

¶12. **AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**